ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 15-cv-__397-TBR__

ESTATE OF DOROTHY FAYE LANHAM, DECEASED,
BY AND THROUGH ANTHONY LANHAM AND
JAMES CECIL LANHAM AS CO-EXECUTORS OF THE ESTATE            PLAINTIFFS

v.                        **NOTICE OF REMOVAL**

SPRINGFIELD NURSING & REHABILITATION CENTER            DEFENDANT

\* \* \* \* \* \* \* \* \*

Defendant, Springfield Nursing and Rehabilitation Center, an assumed name for Springfield Health Facilities, L.P., a foreign limited partnership, through counsel, and for their Notice of Removal from the Washington Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division, state as follows:

1. On April 30, 2015, Anthony Lanham and James Cecil Lanham ("Plaintiffs") filed a Complaint in the Washington Circuit Court styled, *Estate of Dorothy Faye Lanham, Deceased, by and through Anthony Lanham and James Cecil Lanham as Co-Executors of the Estate v. Springfield Nursing and Rehabilitation Center,* Commonwealth of Kentucky, Washington Circuit Court, Case No. 15-CI-0052.

2. The Complaint alleges Defendant, Springfield Nursing and Rehabilitation Center, an assumed name for Springfield Health Facilities, L.P., a foreign limited partnership, was negligent in its care and treatment of Dorothy Faye Lanham. Plaintiffs seek to recover compensatory and punitive damages from Defendant.

3. Springfield Nursing and Rehabilitation Center, an assumed name for Springfield Health Facilities, L.P., a foreign limited partnership, was served with the Summons and the Complaint on May 7, 2015.

4. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 based upon diversity jurisdiction. Upon information and belief, Plaintiffs are residents and citizens of Marion County, Kentucky and Defendant, Springfield Nursing and Rehabilitation Center, an assumed name for Springfield Health Facilities, L.P., is a foreign limited partnership organized under the laws of the State of Texas, with its principle place of business at 5420 W. Plano Parkway, Plano, Texas 75093. The limited partner for Springfield Nursing and Rehabilitation Center, an assumed name for Springfield Health Facilities, L.P., a foreign limited partnership, is Thomas Scott, a resident of Texas, and the general partner is Springfield Health Facilities GP, LLC, a Texas limited liability company organized under the laws of the State of Texas, with its principal place of business in the State of Texas. Thus, the parties are citizens and residents of different states and the requirement of complete diversity is satisfied. *See* 28 U.S.C. §1332(a).

5. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Washington County, Kentucky is located within the jurisdiction of the United States District Court for the Western District of Kentucky, Louisville Division. Therefore, venue is proper in this Court and division pursuant to 28 U.S.C. §1441(a).

6. Based upon the allegations raised in the Complaint attached hereto, this matter in controversy exceeds $75,000.00 in damages, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this action because it is facially apparent from Plaintiffs' Complaint that Plaintiffs are seeking damages in excess of the jurisdictional amount in controversy. 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district embracing the place where such action is pending. " Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. §1332(a). When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997). Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a). Plaintiffs seek compensatory damages and punitive damages as well as costs. Thus, it is facially apparent that Plaintiffs are seeking damages in excess of the jurisdictional amount.

8. This Notice of Removal has been filed within thirty (30) days of the date when the action became removable as required by 28 U.S.C. §1446(b). This Notice of Removal is further consistent with 28 U.S.C. §1446(b) in that it has been filed within one year after the commencement date of this action.

9. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached to this Notice as Exhibit "A."

10. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Washington County, Kentucky.

11. Because 28 U.S.C. §1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendant, Springfield Nursing and Rehabilitation Center, an assumed name for Springfield Health Facilities, L.P., a foreign limited partnership, at all times relevant hereto give Notice of the removal of this action from the Circuit Court of Washington County, Kentucky, to the United States District Court for the Western District of Kentucky in the Louisville Division.

          QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

          */s/ Donald L. Miller, II*
          J. Peter Cassidy, III, Esq.
          Matthew C. Cocanougher, Esq.
          2452 Sir Barton Way, Ste. 300
          Lexington, KY  40509
          859-226-0057
          859-226-0059 – facsimile

          - and -

          Donald L. Miller, II, Esq.
          9300 Shelbyville Rd., Ste. 400
          Louisville, KY  40222
          502-423-6390
          502-423-6391 – facsimile
          ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

   I hereby certify that on May 22, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 22nd day of May, 2015, upon:

Carl D. Frederick, Esq.
Steven M. Frederick, Esq.
Frederick Law Firm
161 Chenoweth Ln.
Louisville, KY 40207

Joanne Mudd Miller
Washington County Circuit Clerk
Washington County Judicial Center
100 E. Main St., Ste. 100
Springfield, KY 40069

             ___/s/ Donald L. Miller, II_____
             ATTORNEY FOR DEFENDANT