

UNITED STATES POSTAGE
$ 008.24⁰
02 1P    APR 30 2015
0003219357
0003219357    PITNEY BOWES
MAILED FROM ZIP CODE 40069



Jill Barbour (30)

SPRINGFIELD NURSING & REHABILITATION
CENTER
SERVE:   NATIONAL REGISTERED
         AGENTS, INC.

National Registered
Agts, Inc
306 W. Main St.
Suite 512
Frankfort, KY
40601



7196 9008 9115 5061 5173
RETURN RECEIPT REQUESTED

JOANNE MUDD MILLER, CLERK
WASHINGTON CO.
100 EAST MAIN ST. STE 100
SPRINGFIELD, KY 40069

RETURN RECEIPT
REQUESTED

| AOC-105    Doc. Code: CI | | Case No. | 15 CI 00052 |
|---|---|---|---|
| Rev. 1-07    04/29/2015 08:08 am | | | |
| Page 1 of 1    Ver. 1.02 | | Court | ✓ Circuit ☐ District |
| Commonwealth of Kentucky | | | |
| Court of Justice   www.courts.ky.gov | | County | Washington |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | | |

**PLAINTIFF**

Estate of Dorothy Fay Lanham, Deceased

745 Landers Creek Road

Gravel Switch            Kentucky            40328

**VS.**

**DEFENDANT**

Springfield Nursing & Rehabilitation Cent

420 E. Grundy Avenue

Springfield            Kentucky            40069

**Service of Process Agent for Defendant:**

National Registered Agents, Inc.

400 W. Market St.

Louisville                                Kentucky            40202

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:            4/30, 2015                    JoAnne Mudd Meller  Clerk

                                                By: _____ D.C.

| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| this _____ day of _____, 2_____. |
| Served by: _____ |
| _____Title |



FILED
CIRCUIT/DISTRICT COURT

APR 3 0 2015

JOANNE MUDD MILLER, CLERK
BY:_____ D.C.

**COMMONWEALTH OF KENTUCKY**
WASHINGTON CIRCUIT COURT
SPRINGFIELD, KY
CIVIL ACTION NO. 15-CI-___0050____
Hon. Judge ___Div 7____

PLAINTIFF

Estate Of Dorothy Faye Lanham, Deceased
By and through:
Anthony Lanham
745 Landers Creek Road
Gravel Switch, KY 40328
Co-Executor
AND
James Cecil Lanham
1750 Riley Rd.
Gravel Switch, KY 40328
Co-Executor

vs.                                  **COMPLAINT**

SPRINGFIELD NURSING & REHABILITATION CENTER          **DEFENDANTS**
420 E. Grundy Ave.
Springfield, KY 40069

Serve:
National Registered Agents, Inc.
400 W. Market St.
Louisville, Ky 40202

\*   \*   \*   \*   \*

Comes the Estate of Dorothy Faye Lanham, by and through  Anthony Lanham and

James Cecil Lanham, as Co-Executors of the Estate of Dorothy Faye Lanham (Order of

Washington District Court attached as Exh. 1)  and for its causes of action herein, states as

follows:

By virtue of their appointment as Co-Executors, and according to KRS 411.130-133,

they are the appointed fiduciaries suitable to prosecute this action as personal

representatives of the Estate of Dorothy Lanham in its claim for personal injury and wrongful death.

1.     At all times relevant herein Dorothy Faye Lanham was a resident of Washington County, Kentucky.

2.     At all times relevant herein the Defendant, Springfield Nursing & Rehabilitation Center, (hereinafter "Springfield) with its main business office at 5420 W. Plano Parkway, Plano, TX 75093, is a Kentucky Limited Liability Corporation, duly organized and licensed to do business and doing business providing medical and nursing home services to patients, including Dorothy Faye Lanham, through its partners, employees, and agents.

3.     On or about November 19, 2013, in Washington County, Kentucky, the Defendant, Springfield, entered into a patient relationship with Dorothy Faye Lanham, and through its partners, employer, agents nurses, pharmacists, physicians, and other heath care providers, on or about said date and thereafter provided, and/or failed to timely provide, medical services to Dorothy Faye Lanham in such a medically negligent fashion as to deviate from acceptable standards of medical practice, all to her detriment and damage, ultimately resulting in her death on April 13, 2014.

4.     At all times herein relevant hereto, it was the duty of Springfield and/or its agents, employees and representatives, in providing nursing home care to Dorothy Faye Lanham, to exercise the degree of skill and care expected of reasonably prudent medical providers under the circumstances.

5.      At all times herein relevant hereto, Springfield had a duty to develop and maintain policies and procedures outlining the proper methods and mechanisms to make certain that patients at risk for falling did not fall.

7.      At all times herein relevant hereto Springfield had a duty to make certain that its employees and staff were aware of and familiar with the policies and procedures outlining the methods and mechanisms in place to prevent patients' falling.

8.  ·    At all times herein relevant hereto Springfield had a duty to train and educate its staff about the dangers to the health and life of nursing home patients when falls occur.

9.      While a patient at Springfield, Dorothy Faye Lanham was allowed to fall on numerous occasions and ultimately died there on April 13, 2014.

10.     By its failure to supervise and assist Dorothy Faye Lanham while she was a patient at Springfield acted negligently and carelessly and failed to provide the degree of care and skill expected of reasonably prudent healthcare providers acting under similar circumstances.

11.     The negligent acts and/or omissions of Springfield were substantial factors in causing Dorothy Faye Lanham to fall and sustain a fracture, to develop bilateral pneumonia, in causing him to endure mental and physical pain and suffering and in causing her estate to incur burial and funeral expenses, all in amount to be determined by a jury sitting in the trial of these proceedings, but in an amount sufficient to confer jurisdiction on this Court.

WHEREFORE, The Estate of Dorothy Faye Lanham demands Judgment against the defendant, as follows:

1.      Trial by jury;

2.      Compensatory damages against the Defendant, including those consistent

with Plaintiff's wrongful death, in an amount to be determined at trial;

3.      For punitive damages in an amount to be determined at trial;

4.      For all costs incurred herein;

5.      For all interest available under the law on the above sums from the date of

the injuries sustained by Dorothy Faye Lanham;

6.      Any and all other relief to which the Estate may appear to be entitled.

7.      For leave to file amended pleadings to conform to the evidence and proof.


Carl D. Frederick
Steven M. Frederick
FREDERICK LAW FIRM
161 Chenoweth Lane
Louisville, KY 40207
(502) 583.1000
steve@kytriallaw.com
carl@kytriallaw.com


Lanham Complaint.docx

COMMONWEALTH OF KENTUCKY
11TH JUDICIAL DISTRICT
MARION DISTRICT COURT
PROBATE DIVISION
PROBATE NO. 14-P-00075

IN RE: THE ESTATE OF DOROTHY FAYE LANHAM, DECEASED

After hearing held May 12, 2014 pursuant to notice, on the application of Anthony Ray Lanham and James Cecil Lanham for probate of the Last Will and Testament of decedent and for appointment of as Co-Executors, **IT IS HEREBY ORDERED** that Anthony Ray Lanham of 745 Landers Creek Road, Gravel Switch, KY 40328 and James Cecil Lanham of 1750 Riley Road, Gravel Switch, KY 40328, be and they are hereby appointed Co-Executors of said estate and the court fixes bond in the sum of $90,000.00. The Court further finds that Dorothy Faye Lanham died testate, a citizen and resident of Marion County, Kentucky, and that the Last Will and Testament of Dorothy Faye Lanham is hereby admitted to probate.

**WHEREUPON** the said Co-Executors have taken the oath prescribed by law and entered into and acknowledged the above mentioned bond ☐ with approved surety, ☒ or with surety having been waived.

THIS 12ᵃ DAY OF MAY, 2014.

_____
HON. AMY S. ANDERSON
JUDGE, MARION DISTRICT COURT

MARION DISTRICT COURT CLERK

BY: _____
DATE: _____

FILED AND ENTERED
ATTEST REST MY CLERK

MAY 1 2 2014

MARION
BY

**COMMONWEALTH OF KENTUCKY**
**WASHINGTON CIRCUIT COURT**
**SPRINGFIELD, KY**
CIVIL ACTION NO. 15-CI- **00052**
Hon. Judge **DIV I**

```
FILED
CIRCUIT/DISTRICT COURT
APR 3 0 2015
JOANNE MUDD MILLER, CLERK
BY:_____ D.C.
```

Estate Of Dorothy Faye Lanham, Deceased                              **PLAINTIFFS**
By and through:
Anthony Lanham
And
James Cecil Lanham
Co-Executors


vs.                                  **PLAINTIFFS' FIRST SET OF**
                       **REQUESTS FOR PRODUCTION OF DOCUMENTS**
                              **PROPOUNDED TO DEFENDANT**
                     **SPRINGFIELD NURSING & REHABILITATION CENTER**


SPRINGFIELD NURSING & REHABILITATION CENTER                    **DEFENDANT**


* * * *

Comes plaintiff, by counsel, and propounds the following Discovery Requests to be

answered separately, in writing and under oath, within **forty (45) days** from the date of

the service hereof:


### DEFINITIONS AND INSTRUCTIONS

As used in Plaintiff's interrogatories, supplemental interrogatories, requests for
production of documents, or requests for admissions in this case, the following shall be the
meaning and sense in which each term is used:

1.      As used herein, the terms "you," "your," "Defendant," "this Defendant," and
Springfield means and includes its agents, affiliates, employees, its attorneys, and anyone
else acting on its behalf.

2.      As used herein, the term "person" includes a natural person, firm,
association, organization, partnership, business trust, corporation, or public entity.

3.      As used herein, the term **"claim"** as used herein shall mean and include any claims or allegations set forth in any complaint or counterclaim filed or to be filed in this action.

4.      As used herein, the term **"person"** shall mean any individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

5.      As used herein, the term "**date**" or any other word relating to a date shall mean the exact date, month and year if ascertainable or if not, the best available approximation.

6.      As used herein, the terms "**identify**" or "**Identity**," when used in reference to:

a.  An individual, shall mean to state: her or his full name, age, sex, present address or last known address, telephone number, job title, physician or professional or business affiliation, social security number and name of employer.

b. A firm, partnership, corporation or other entity, shall mean to state: its full name and last known address, telephone number and the legal form of such entity or corporation.

c. A writing or recording, shall mean to give a brief description of the document either by its title, or if it has no title, its content, to give the date of preparation as shown on the document and to give the name, address and position of the custodian thereof.

d. Each of these definitions and instructions is hereby incorporated into each of the requests or interrogatories to which it pertains.

7.      In responding to requests for production of documents, you are requested to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

8.      In responding to requests for production of documents, if you are unable to produce all of the requested documents, produce to the extent possible and specify the reasons for your inability to produce the remainder.

9.      In responding to requests for production of documents, produce every copy of a responsive writing or record where the original is not in the possession, custody or control of the Defendant and every copy of such writing or record where such copy is not an identical copy of the original, or where such copy contains any commentary or notation whatsoever which does not appear on the original.

10.     In responding to requests for production of documents, you are requested to furnish all documents known or available to you regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators, or by your attorneys or their agents, employees, representatives or investigators.

11.     In responding to requests for production of documents, if any of these documents cannot be produced in full, produce to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the unproduced portion.

12.     In responding to requests for production of documents, if any documents or things requested were at one time in existence, but are no longer in existence, please so state, specifying for each document or thing:

a. The type of document or thing;

b. The types of information contained thereon;

c. The date upon which it ceased to exist;

d. The circumstances under which it ceased to exist;

e. The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

f. The identity of all persons having knowledge or who had knowledge of the contents thereof.

13.     In responding to requests for production of documents, if any documents covered by this request are withheld by reason of a claim of privilege, a list shall be furnished, as part of your required response to this request, identifying each document for which a privilege is claimed together with the following information with respect to each document withheld: date, sender, recipient, the identity of any person to whom copies were furnished, general subject matter, basis on which the privilege is claimed and the paragraph of the request to which such document relates.

14.     This request is a continuing one. If, after producing documents or responding to an interrogatory, you obtain or become aware of any further documents or other information responsive to the request, you are required to produce or disclose to Plaintiffs such additional documents and/or information.

## REQUESTS FOR PRODUCTION

1.      Copies of all correspondence, reports, charts, photographs, drawings, diagrams, videotapes, brochures, manuals, treatises, measurements, notes or other documents, materials or physical evidence of any kind relied upon by any expert witness in forming an opinion in this case whom Defendant expects to call as a witness at trial.

**RESPONSE:**

2.      Copies of all correspondence, reports, charts, photographs, drawing, videotapes, brochures, manuals, contracts, agreements, treatises or other documents, materials or physical evidence of any kind regarding Dorothy Faye Lanham or this case received from, provided to, or generated by any expert witness whom the Defendant expects to call as a witness at trial. [Please produce color copies of any photographs].

**RESPONSE:**

3.      Copies of all statements of possible witnesses, whether written, recorded, summarized or otherwise preserved in any manner concerning the facts or issues in this action.

**RESPONSE:**

4.      Copies of all documentation maintained by you or under your control containing the last known name, address and/or telephone number of any employee of the Defendant between the date of Dorothy Faye Lanham's admission through her death. This request includes any documents, whether written or electronically stored, which contain information on the last known location and telephone number of any employee of the Defendant between admission through death, including, but not limited to, any Director of Nurses, Administrator, Medical Technician, Dietary Supervisor, Rehabilitation Therapists,

Physical Therapists, Respiratory Therapists, Training Coordinators, Quality Assurance Coordinators, Regional Supervisors, or any person having responsibility for the management of any department or aspect of the Defendant. After identifying each employee, please designate their current status as an employee or non-employee.

**RESPONSE:**

5.      Copies of all medical articles, treatises, and/or any other medical literature you claim supports your diagnosis, treatment, or care provided to Springfield.

**RESPONSE:**

6.      Copies of all writings or recordings related in any fashion to the events or claims in the Complaint obtained by this Defendant or anyone acting on his/her/its behalf via Subpoena *Duces Tecum*, signed authorization form, or other legal process.

**RESPONSE:**

7.      Copies of any writing or recording which this Defendant contends are relevant or which it may introduce at the trial of this action.

**RESPONSE:**

8.      Copies of the *Curriculum Vitae* of any and all physicians, nurses, other healthcare providers, and any employee of this Defendant who filled out any portion of, signed, or initialed the medical records of Springfield.

**RESPONSE:**

9.      Copies of the *Curriculum Vitae* of any and all witnesses whom you intend to call as an expert witness in the trial of this case.

**RESPONSE:**

10.     Copies of all writings and recordings with regard to Dorothy Faye Lanham from the time she first sought care at Springfield until the time of her death, including, but not limited to, all office notes, memoranda, CT, CAT, MRI (of any type) data, correspondence, photographs, plats, pictures, sketches, videotapes, drawings, artist's renditions, x-rays, ultrasounds, diagrams, notes, measurements, statements, laboratory slides, laboratory specimens, laboratory "cuts,"electronic data files, .jpg files, bitmap files, .tiff files, .gif files, or any other electronic images, e-mail messages, webpages, brochures, information packets, and any other written, typed or recorded material.

**RESPONSE:**

12.     Copies of the declaration sheet and complete policy of liability insurance of Defendant Springfield. This would include any primary policy of insurance, any self insured retention coverage and any excess or umbrella coverage and all endorsements or attachments thereto, including copies of any letters or assessment of additional premiums or monies for a period of five years prior to the date of this request. Additionally, this would include all insurance agreements and/or policies, in their entirety, which afford protection to this Defendant for acts and omissions set forth by Plaintiffs in the above entitled and numbered case including, but not limited to, primary, umbrella and excess policies which may obligate any respective insurance company to satisfy part of all the judgment which may be rendered in an action against this Defendant arising out of the acts or omissions of any such member or employee of any Defendant.

**RESPONSE:**

12.     Copies of all documents in any way relating to the medical treatment and/or care of Dorothy Faye Lanham while a resident of Springfield, including, but not limited to the following:

a.  Admission sheets/Transfer sheet, e.g., nursing home, ambulance, hospital;

b. Discharge sheets, discharge plans and care plans;

c.  Hospital discharge summary;

d.  Physicians' Orders;

e.  Physicians' Progress Notes;

f.  Nursing Admission Assessment and Monthly Summaries;

g.  Nursing Notes;

h.  Decubitus and/or skin reports;

i.  Medication sheets, treatment sheets, graphs, I & O charts, flow sheets, , etc. (All sides & Pages);

j. Chronological drug reviews;

k. Nutritional assessments and notes; weight records;

l. Lab and x-ray reports, magnetic resonance imaging films & CT scans;

m. Restorative programs and notes;

n. Activity reports;

o. Social service records;

p. Physical therapy records;

q. Occupational therapy records;

r. Speech therapy records;

s. Permits and releases;

t. Duplications of photographs and correspondence;

u. All consent forms signed by patient;

v. Billing statements and ledger cords, payment records;

w. Patient questionnaires and information records;

x. Insurance reports;

y. EMS/paramedic reports;

z. Incident and/or accident reports that apply to the resident; and

aa. Any and all other written documents whatsoever whether they be maintained by the records custodian or on the floor or anywhere else in your control.

**RESPONSE:**

13.     Copies of all documents relating to any in-house investigation conducted by Defendant or on Defendant's behalf in the ordinary course of its business before the present lawsuit was filed

**RESPONSE:**

14.     Copies of all advertisements, brochures, or other documentation containing representations made available to the public, consumers, hospitals, nursing homes, long term care facilities, assisted living facilities or any potential or actual residents regarding Springfield and/or the approved status of said facility for the five (5) year period prior to the admission of plaintiff's decedent. With regard to each item produced, produce all documents referencing the way in which the advertising piece in question has been published or distributed, including the name and date of publication and method of distribution. This request includes, but is not limited to, all media, radio, and/or television advertisements or sponsored programs; brochures; yellow page advertisement; newspaper advertisement; statements of care; statements of philosophy; statements of policies or care objectives; billboard advertisement; magazine advertisement; flyers; marketing materials;

statements, representations and/or claims about the type of care provided resident at your

facility and/or the approved status of the facility made in connection with any event

sponsored by you; or any other documentation created to promote Springfield.

**RESPONSE:**

15.     Copies of all administrative manuals and resident care policies and

procedures and manuals of Springfield that were in effect for the five (5) year period prior

to the admission of plaintiff's decedent. This request **includes but is not limited to,**

documentation (whether in the form of a manual or handbook or other form) that sets

forth policies and procedures (or whatever description the Defendant may use or

characterize in some way other than policy and procedure) in the following areas:

      a. admission, transfer, or discharge of residents;

      b. physician services;

      c. dietary services;

      d. nursing services;

      e. nurses' aides services;

      f. pharmacy services;

      g. social services for residents;

      h. activities for residents;

      l. security;

      j. safety;

      k. supervision;

      l. medical record charting;

      m. nursing procedures regarding transfers, baths, and general nursing care
and full risk assessments;

n. reporting incidents/accidents;

o. change of shift reports and/or report sheet charting;

p. contacting physicians with regards to health of residents;

q. physical therapy services;

r. rehabilitation services;

s. reporting patient/resident weight loss;

t. turning of patients;

u. use of restraints;

v. incontinent care;

w. fall prevention; and

x. skin audits.

**RESPONSE:**

16.    Copies of all guidelines, policies, procedures, mandates or other directives for the five (5) year period prior to the admission of plaintiff's decedent and all modifications and revisions thereto, used by Defendant or in Defendant's possession, custody or control, for determining staffing needs and/or for analyzing whether Springfield had available and/or assigned, a sufficient number of nursing personnel, including registered and licensed vocational nurses, nurse assistants, medication assistants, nurses' aides, orderlies, or other staff to:

a. Provide 24 hour care and service;

b. Meet the needs of residents who are admitted to and are to remain in the facility;

c. Meet the total needs of patients in the same category as Dorothy Faye Lanham;

d. Make contact with residents' physicians when the circumstances deem it necessary.

This request includes but is not limited to, any documentation which sets forth guidelines on criteria for measuring workloads imposed on personnel. If any revision, updates, or modifications of the above described guidelines have occurred between ????. You are requested to produce the original version and subsequent revisions.

**RESPONSE:**

17.    Copies of all work schedules, time sheets, and time cards showing the identity, number (quantity), and classification (LPN, RN, nurse's aides, etc.) of personnel, for each shift or tour of duty, including relief or pool personnel, who worked on any unit or wing where Dorothy Faye Lanham resided at Springfield from time of admission until her death.

**RESPONSE:**

18.    Copies of all documentation from Kentucky Cabinet for Health and Family Services (hereinafter "CHFS") or any other local, state, or federal government agency which set forth investigations, evidence, findings, conclusions, violations, deficiencies, penalties, actions, and/or recommended sanctions or actions regarding Springfield for the five (5) year period prior to the admission of plaintiff's decedent. This request includes, but is not limited to: copies of any narratives or papers written to further describe conditions found to exist at Springfield by surveyors or inspections.

**RESPONSE:**

19.    Copies of all investigation(s) of complaints and plans of correction filed in the past ten (10) years with CHFS by Springfield.

**RESPONSE:**

20.     Copies of all Certificate of Need Application(s) submitted in the past ten (10) years by this defendant to CHFS.

**RESPONSE:**

21.     Copies of  profitability records submitted by this defendant in the past ten (10) years to CHFS.

**RESPONSE:**

22.     Copies of all License Renewal Reports submitted in the past ten (10) years to CHFS.

**RESPONSE:**

23.     Copies of all licenses issued by CHFS to this defendant.

**RESPONSE:**

24.     Copies of any and all contracts between this defendant and Hardin County, the Commonwealth of Kentucky or any other governmental entity.

**RESPONSE:**

25.     Copies of all incident reports submitted by any employee or agent of this defendant in regard to Springfield.

**RESPONSE:**

26.     Copies of any and all reports, documents, investigations or findings, whether sentinel or otherwise, submitted to JCAHO from ???????.

**RESPONSE:**

27.     Copies of any and all reports, documents, investigations or findings, whether sentinel or otherwise, received from JCAHO from ???????.

**RESPONSE:**

28.     Copies of any and all documents concerning any continuing education or in-service training provided to any employee or agent of the Defendant in regard to:

a. Treatment of residents who are at risk of falling;

b. Necessity to notify physicians regarding patient's change in condition; and

c. Medication error.

Include with your response all documents and/or materials provided to those persons in attendance, all documents referencing the name of those persons in attendance, the names of the seminar instructors, and the date that the in-service seminars were held, including, but not limited to, attendance sheets, rosters of personnel present, or documentation which identifies each employee who attended any in-service training meeting, counseling, and/or program conducted.

**RESPONSE:**

29.     Copies of the entire financial or account record of Dorothy Faye Lanham for her residence at Springfield, including, but not limited to, the billing records, account records, claim forms, and payment for services.

**RESPONSE:**

30.     Copies of all minutes, notes or summaries from all meetings of the governing body of Springfield for the five (5) year period prior to the date of admission of plaintiff's decedent to Springfield.

**RESPONSE:**

31.    Copies of Dorothy Faye Lanham's nursing care plan or life care plan, (including any modified or updated life care plans or nursing care plans) from her initial date of admission until she ceased to be a resident at your facility.

**RESPONSE:**

32.    Copies of all Medicaid Forms whatsoever, (including but not limited to Forms 3652) which pertain to Dorothy Faye Lanham from the time of her admission until her death.

**RESPONSE:**


33.    Copies of all census reports for Springfield for the time period that plaintiff's decedent was a resident at Springfield, including, but not limited to, daily, weekly, monthly and yearly census reports.

**RESPONSE:**

34.    Copies of all documents which relate to the policies and procedures at Springfield for the five (5) year period prior to the date of admission of plaintiff's decedent to Springfield, with regard to incident reports, including, but not limited to, any documents that reflect how, when, and why incident reports should be generated.

**RESPONSE:**

35.    Copies of any and all documents reflecting Defendant's policies and procedures for nursing care documentation, including, but not limited to documentation on nursing progress notes, skin assessments, weight charts, intake and output forms, or other nursing charts or forms for residents at Springfield for the dates of residency of plaintiff's decedent.

**RESPONSE:**

36.     Copies of all documents which reflect procedures to be followed by the staff at Springfield to:

> a. assess patients who are at risk of falling;

> b. dispense medication properly;

> c. ensure proper intake of hydration and nutrition by residents.

**RESPONSE:**

37.     Copies of all written complaints forms (formal or informal) involving Springfield which were filed or transmitted by residents, residents' families or others for the five (5) year period prior to the date of admission of plaintiff's decedent to Springfield. Please redact all identifying information.

**RESPONSE:**

38.     Copies of all notes of any kind that mention or refer to Dorothy Faye Lanham, by Springfield personnel for the five (5) year period prior to the date of admission of plaintiff's decedent to Springfield, including, but not limited to, spiral notebooks, telephone messages, e-mails, computer files, in-house forms, report sheets, logs, pass-down logs, books, change of shift reports, assessment reports, and/or other such documents or communications.

**RESPONSE:**

39.     Copies of all quality assurance reports, documents, studies, complaints or incident investigation documents, which in any way refer to or concern Dorothy Faye Lanham. This would include any risk assessment, risk management or risk audits performed by any insurance agency contemplating coverage for the Defendant.

**RESPONSE:**

40.     Copies of all organizational directories and organizational charts for

Springfield, including, but not limited to, charts/directories which contain the various

organizational divisions, parent corporations, subsidiaries, as well as the name and tenures

of the Board of Directors and/or Trustees and Department Heads for Springfield for time

that plaintiff's decedent resided at Springfield.

**RESPONSE:**

41.     Copies of all letters, memoranda, e-mails, telephone message, computer

messages, petitions, complaints, or other documents evidencing notification which you

have received of any alleged unnatural death and/or alleged substandard care of residents

at Springfield for the five (5) year period prior to the date of admission of plaintiff's

decedent to Springfield

**RESPONSE:**

42.     Copies of all documents referencing in-service training or other training

made available to your employees for the five (5) year period prior to the date of admission

of plaintiff's decedent to Springfield, whether said training was conducted at Springfield or

elsewhere.

**RESPONSE:**

43.     Copies of all educational and/or training materials, teaching materials, in-

service materials, certifications, and tests, including, but not limited to, documents,

manuals, hand-outs, outlines, films, videos, recordings, tapes, books and periodicals,

provided to Springfield 's staff (including but not limited to, RN's, LPN's respiratory

therapists, medication aides, nurses aides, and/or orderlies) for the time while plaintiffs'
decedent resided at Springfield.

**RESPONSE:**

      44.    Copies of all written documentation relating to warnings, disciplinary action,
or other type of reprimands (written or oral), given to any employee of Springfield as a
result of the physical condition of Dorothy Faye Lanham and/or incidents surrounding the
treatment and care of Dorothy Faye Lanham from date of admission until her death.

**RESPONSE:**

      45.    Copies of all data and documents, electronically or by whatever means
produced, regarding the training, education, guidance and instruction provided by
Springfield to its employee for the period of time while plaintiffs' decedent resided at
Springfield, including, but not limited to, the following:

        a. notification to resident's next of kin (or representative) of injuries and
illnesses suffered by residents of the facility;

        b. necessity to follow doctors' orders;

        c. prevention, care and treatment of patients who are at risk for infection;

        d. care and treatment of diabetes; prevention, care and treatment of
infections;

        e. prevention, care, assessment and treatment of malnutrition and
dehydration;

        f. assessment of resident's dietary needs;

        g. monitoring of weight;

        h. monitoring of food and fluid intake and output;

        i. communications to the resident's family and resident's physician of
changes in resident's condition(s);

j. O.B.R.A. regulations;

k. charting in medical records;

l. failure of resident to eat;

m. assisting resident in eating;

n. and preparation and completion of activities of daily living (ADL's).

**RESPONSE:**

46.     Copies of a staffing goals and guidelines of Springfield for each wing on each shift, for every day of the week, during the time plaintiffs' decedent resided at Springfield

**RESPONSE:**

47.     Copies of the Residents' Council Committee Minutes for the period of time that plaintiffs' decedent resided at Springfield.

**RESPONSE:**

48.     Copies of agreements, minutes and notes of Springfield's Advisory Board and Resident Care Policy Committee for the period of time five (5) years prior to the death and discharge of plaintiffs' decedent.

**RESPONSE:**

49.     Copies of any documentation of recommendations as to how the falls suffered by Dorothy Faye Lanham could have been prevented.

**RESPONSE:**

50.     Copies of any educational program for annual training seminars provided to nursing personnel, including Director of Nursing and assistants, provided to nursing personnel, including Director of Nursing and assistants, Health Service Supervisor and assistants, staff nurses, charge nurses, certified medication technicians; certified medication aides/assistants, certified nurses' aides, nurses aides, social workers, dietary

personnel, activity directors, and restorative aides for the five (5) year period prior to the date of admission of plaintiff's decedent to Springfield, as well as the time during which she resided at Springfield.

**RESPONSE:**

51.     Copies of the minutes of the monthly meeting of Utilization Review committee during the period of time of s Dorothy Faye Lanham's residence at Springfield.

**RESPONSE:**

52.     Copies of any and all Nursing and Dietary Policy and Procedure Manual(s) and protocols in use at Springfield for the period of time during while plaintiffs' decedent resided at Springfield.

**RESPONSE:**

53.     Copies of any Administrator's Policy and Procedure Manual(s) and protocols in use at Springfield for the five (5) year period prior to the date of admission of plaintiff's decedent to Springfield.

**RESPONSE:**

54.     Copies of auditors' reports prepared by consultants, agents, employees, governmental agencies or independent contractors for Springfield pertaining to patient care for the five (5) year period prior to the date of admission of plaintiff's decedent to Springfield.

**RESPONSE:**

55.     Copies of a list of nursing homes, assisted living facilities and skilled nursing facilities owned, and/or operated, and/or managed by Springfield.

**RESPONSE:**

56.     Copies of a the Administrators' licenses for Springfield for the period of time during which plaintiffs' decedent resided at Springfield.

**RESPONSE:**

57.     Copies of the D.O.N.'s nursing license and all the personnel who acted in such capacity during the period of time Dorothy Faye Lanham was a resident at Springfield.

**RESPONSE:**

58.     Copies of records, correspondence, memorandums and other documents regarding the investigation and/finding by any local, state or federal agencies regarding Springfield and other residents, including any responses provided by any of the defendants to any state or federal agencies for the five (5) year period prior to the date of admission of plaintiff's decedent to Springfield.

**RESPONSE:**

59.     Copies of any and all photographs of Dorothy Faye Lanham taken by the defendants while he resided at Springfield.

**RESPONSE:**

60.     A scale copy of the floor plan of Springfield while Dorothy Faye Lanham resided at that facility.

**RESPONSE:**

61.     Copies of the Annual Minutes of Springfield for the five (5) year period prior to the date of admission of plaintiff's decedent to Springfield.

**RESPONSE:**

62.     Copies of the job description for:

a. those individuals who charted the medical records of plaintiffs' decedent;

b. Certified nursing assistants/aides;

c. Dietitian;

d. Social worker;

e. Administrator;

f. Director of Nursing;

g. Registered Nurse;

h. Licensed Practiced nurse; and

i. Administrator.

**RESPONSE:**

63.     Copies of the "resident's daily census" during Dorothy Faye Lanham's residence.

**RESPONSE:**

64.     Copies of any and all notices, memorandums, letters, correspondence, suspensions issued to employees of Springfield for the five (5) year period prior to the date of admission of plaintiff's decedent to Springfield.

**RESPONSE:**

65.     Copies of the employment files of any and all current and former employees or contractors who provided care to Dorothy Faye Lanham while he resided at Springfield.

**RESPONSE:**

66.     Copies of of the employment files for any and all Administrators and Directors of Nursing at Springfield from ??.

**RESPONSE:**

67.     Copies of the agreement entered into by and between the Medical Director(s) at Springfield during the time Dorothy Faye Lanham resided at the facility.

**RESPONSE:**

68.     Copies of any and all contracts/agreements/memorandums of understanding entered into by and between this defendant and Dorothy Faye Lanham or her representatives.

**RESPONSE:**

69.     Copies of the corporate chart as it relates to the individuals from corporate office, be it regional or national level, which visited Springfield at the time Dorothy Faye Lanham resided at the facility.

**RESPONSE:**

70.     Copies of the corporate minutes of Springfield for the calendar years ???????.

**RESPONSE:**

71.     Copies of the daily and weekly report prepared by employees, agents, consultants and or independent contractors which tracked the incidents of patient falls in the facility from ?????????.

**RESPONSE:**

72.     Copies of any and all records, including studies, maintained by any of the defendants regarding decubitus ulcers at Springfield from ????????.

**RESPONSE:**

73.     Copies of materials from state or federal agencies and other skilled nursing facilities relating to infection, nutrition and decubitus ulcers, received, maintained and used by the nursing personnel at Springfield from ????????.

**RESPONSE:**

74.    Copies of the annual operational budget, including drafts and revisions of the same, of Springfield for ????.

**RESPONSE:**

75.    Copies of any and all records which would identify the rationale in support of the amount which was budgeted for Springfield for nursing services, dietary, nutrition, and cafeteria and any amendments thereto from ??????????.

**RESPONSE:**

76.    Copies of any and all records which would identify the amount which was spent by Springfield for nursing services, dietary, nutrition and cafeteria from ??????????.

**RESPONSE:**

77.    Copies of any and all records which would identify the amount which was budgeted for agency services, including temporary personnel agencies, to provide nursing services, and any amendments thereto, at Springfield from ???????????.

**RESPONSE:**

78.    Copies of any and all records, including invoices, which would identify the amount which was spent for agency services, including temporary personnel agencies, for Springfield to provide nursing services and any amendments thereto, from ??????????.

**RESPONSE:**

79.    Copies of any and all records which would reflect management and/or nursing personnel requests for additional funding to provide additional nursing staff at Springfield from ??????.

**RESPONSE:**

80.     Copies of mortality statistics of Springfield, month to month for residents who died in the facility or died in the hospital after transfer from the nursing home owned, operated, managed and/or controlled by this defendant from ??????????.

**RESPONSE:**

81.     Copies of any and all writings or recordings that relate to the claim or the defense in the case.

**RESPONSE:**

82.     Copies of any and all Medicare and Medicaid Forms which pertain to Dorothy Faye Lanham.

**RESPONSE:**

83.     Copies of any and all materials regarding allegations against defendants for false claims brought by the U.S. Government at any time.

**RESPONSE:**

84.     Copies of any and all settlements entered into by and between Springfield and the U.S. Government for defendant submitting false, or allegedly false, bills for payment at any time.

**RESPONSE:**

85.     Copies of any and all payments made by this defendant to the U.S. Government, U.S. Department of Justice, HCFA, Medicare, Blue Cross-Blue Shield, Commonwealth of Kentucky and/or any other agencies due to this defendant's having submitted false, or allegedly false, bills for payment at any time.

**RESPONSE:**

86.     Copies of of this defendant's state licensing and certification file for the Commonwealth of Kentucky from ????????.

**RESPONSE:**

87.     Copies of any and all contracts between Springfield and any management companies, outside consultants and medical directors from ??????.

**RESPONSE:**

88.     Copies of any OSCAR reports for Springfield from ????

**RESPONSE:**

89.     Copies of this defendant's mission statement from ???.

**RESPONSE:**

90.     Copies of any Statement of Deficiencies regarding Springfield from ???.

**RESPONSE:**

91.     Copies of all Consumer Information Reports for Nursing Homes for Springfield from ??.

**RESPONSE:**

92.     Copies of any Plans of Correction for Springfield from ??.

**RESPONSE:**

93.     Copies of all documentation of actions that Springfield exercised to ensure that Dorothy Faye Lanham did not fall.

**RESPONSE:**

94.     Copies of any employment advertisements prepared, utilized and/or published by any means from Springfield from ??.

**RESPONSE:**

95.     Copies of any and all documents regarding nursing hours per resident per day.

**RESPONSE:**

96.     Copies of any and all nursing hour(s) scheduling sheets.

**RESPONSE:**

97.     Copies of the Springfield payroll ending reports per employee and per position from ???.

**RESPONSE:**

98.     Copies of any Quality Assessment and Assurance Committee reports for Springfield from ??

**RESPONSE:**

99.     Copies of all ICD9 coding documents used by the defendants in billing services rendered for Dorothy Faye Lanham.

**RESPONSE:**

100.     Copies of all CTP procedure code documents used by defendant in billing for services rendered for Dorothy Faye Lanham.

**RESPONSE:**

101.     Copies of all billing code documents used by this defendant in billing for services rendered for Dorothy Faye Lanham.

**RESPONSE:**

102. Copies of all 10Q filings and amendments from ???????date.

**RESPONSE:**

103.     Copies of this defendant's document retention policy.

**RESPONSE:**

104.    Copies of all documents relating to the maintenance, use and/or operation, including but not limited to, information that is archived or purged from any computerized data repository.

**RESPONSE:**

105.    Copies of all source documents, i.e., documents entered into computer data repository relating to rehabilitation therapy, infection, nutrition and all ancillary care provided to Dorothy Faye Lanham from admission until her death.

**RESPONSE:**

106.    Copies of any and all distribution reports from ???. These documents may also be known as payroll analysis report, key management indicators, or staff productivity report, or some other similarly named internal report. This request envisions discovering the document, or documents, that the nursing home administrator and cooperate over-seers use as a practical ongoing tool to assess staffing levels, payroll costs and adherence to budget.

**RESPONSE:**

107.    Copies of pool agency vendor and temporary personnel agency invoices from ???.

**RESPONSE:**

108.    Copies of the daily Medicare distinct part staff sign in sheets from ???.

**RESPONSE:**

109.    Copies of any and all documentation, including Powerpoint presentations, regarding any monetary bonus or incentive programs for any and all employees of Springfield from ????.

**RESPONSE:**

110.    Copies of underline privilege logs for all documents which you contend are entitled to some type of privilege or protection.

**RESPONSE:**

111.    Copies of any and all policies, procedures, protocols and guidelines in regard to nursing chain of command at Springfield.

**RESPONSE:**

112.    Copies of any and all policies, procedures, protocols and guidelines in regard to nursing independent skill and judgment at Springfield.

**RESPONSE:**

113.    Copies of any and all policies, procedures, manuals, protocols, standing orders, nursing guidelines, rules, regulations or written standards pertaining to or applicable to notifying DHEC or any other authority upon notice that a patient suffered unexpected injury or death.

**RESPONSE:**


**DO YOU NEED TO ASK FOR COPY OF INS POLICY**

Served concurrently with the complaint filed herein.

Carl D. Frederick
Steven M. Frederick
FREDERICK LAW FIRM
161 Chenoweth Lane
Louisville, KY 40207
(502) 583.1000
steve@kytriallaw.com
carl@kytriallaw.com

Lanham - 1st Nursing Home RFP.docx