UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:15-cv-00397-TBR

ESTATE OF DOROTHY FAYE LANHAM                                        PLAINTIFF

v.

SPRINGFIELD NURSING & REHABILITATION CENTER                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's motion for leave to disclose an additional expert [DN 72.] Defendant Springfield Nursing & Rehabilitation Center ("Springfield" or "Defendant") has responded [DN 75], and Plaintiff has replied. [DN 78.] This matter is ripe for adjudication. For the following reasons, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Springfield Nursing & Rehabilitation Center, a Kentucky limited liability company, is in the business of providing certain medical services and nursing home care. [DN 1-10.] Dorothy Lanham ("Ms. Lanham"), the decedent, became a patient of Springfield on November 19, 2013. [*Id.*] Plaintiff alleges that, due to the negligence of Springfield and its failure to provide adequate care and supervision for Ms. Lanham, she suffered numerous falls, and later died on April 14, 2014. [*Id.*]

By the terms of the initial Scheduling Order for this case, [DN 7], Plaintiff was required to identify its expert or experts by December 28, 2015, and Defendant was required to do the same no later than January 28, 2016. [*Id.*] Upon joint motion of the parties, these deadlines were extended to March 28, 2016 and April 27, 2016, respectively. [DN 9.] Subsequent extensions for

the completion of discovery resulted in Plaintiff's deadline for expert witness disclosure being set for May 29, 2017. [DN 56-2.]

On May 31, 2017, Plaintiff filed its expert witness disclosure, which included the opinion of Dr. Michael Langan ("Dr. Langan"), a doctor residing in Massachusetts. [DN 61-2.] According to Plaintiff's Expert Witness Disclosure statement, Dr. Langan was board certified in Internal Medicine in 1996, received a Certificate of Added Qualification in Geriatric Medicine in 1998, and was recertified in Geriatric Medicine in 2012. [*Id.*] In his disclosure, Dr. Langan provided his opinion that Springfield was negligent and that Ms. Lanham's falls were preventable. [*Id.*] After Plaintiff's disclosure of Dr. Langan as an expert, Defendant moved to strike him on the basis that his medical license was suspended on February 6, 2013, and remains suspended today. [DN 66-2.] Defendant also noted that this means Dr. Langan's license was suspended throughout the entirety of Ms. Lanham's stay at Springfield. [*Id.*] This, Defendant argued, combined with the fact that Dr. Langan "has not been in the active practice of medicine since 2013," indicated Dr. Langan's report should be struck. [*Id.*]

Plaintiff responded to Defendant's motion to strike Dr. Langan. [DN 76.] Plaintiff argued therein that Dr. Langan's suspension was due to substance abuse issues and not because of a lack of experience or knowledge of the medical issues surrounding the case, and that he was therefore still qualified as an expert. [*Id.* at 1-2.] However, according to Plaintiff, Dr. Lanham has not responded to any attempts to contact him since the filing of Defendant's motion to strike. [DN 72-1.] Despite Plaintiff's response to Defendant's motion to strike, and the contention that Dr. Langan remains qualified as an expert, Plaintiff has since filed this motion for leave to disclose an additional expert.

**II. LEGAL STANDARD**

Pursuant to the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Any party to the litigation who plans to utilize an expert witness "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). And "[i]f a party fails to…identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Plaintiff bears the burden of proving the delay in disclosing an expert was harmless. *See Roberts ex. rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Harmlessness denotes "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Id.* at 783. "[D]istrict courts have broad discretion to exclude untimely disclosures of expert-witness testimony." *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000).

**III. DISCUSSION**

Plaintiff claims that at no time before, during, or after the disclosure of intent to use Dr. Langan at trial did Plaintiff know of the suspension of Dr. Langan's license. [DN 72-3.] Plaintiff further contends that Dr. Langan's license suspension was only brought to Plaintiff's attention on August 1, 2017 when Defendant filed a motion to strike Dr. Langan as an expert. [DN 72-2; DN 66.] Defendant's primary arguments in opposition to Plaintiff's motion center on the issue of whether Plaintiff's failure to discover Dr. Langan's license suspension does or does not

constitute excusable neglect, and the resulting prejudice Defendant would suffer if Plaintiff were allowed, at this stage in the litigation, to disclose an additional expert.[1]

Defendant first argues that, because a trial date has been set for November 27, 2017, allowing Plaintiff to disclose an additional expert would result in undue prejudice, and thus, fails the harmlessness requirement of Fed. R. Civ. P 37(c)(1). [DN 75-7-8.] Specifically, Defendant points to "the additional expenditure of more time, money, and resources to rebut Plaintiff's new expert(s)' evaluations," and the possibility of having to seek out additional experts to rebut Plaintiff's new expert(s). [*Id.* at 8.] However, these expenses would certainly be limited by the fact that Defendant has not deposed Dr. Langan. Moreover, as noted by Defendant, "it does not appear that Plaintiffs have acted in bad faith in their request for an extension to disclose an additional expert witness." [DN 75-15.] And under *Roberts v. Galen of Virginia*, 325 F.3d 776, 783 (6th Cir. 2003), "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party" denotes harmlessness.

However, *Galen of Virginia* also instructs that it is the Plaintiff who carries the burden of proving that the failure to timely disclose the expert witness was harmless. *Id.* at 782. The Court is persuaded by the fact that Dr. Langan's participation in this case thus far has been limited. Because Defendant has not deposed Dr. Langan, combined with the fact that Defendant only points to abstract harm it might suffer, such as the potential for the additional expenditure of resources, the Court finds that Plaintiff has carried the burden of showing the harmlessness of being permitted to disclose an additional expert.

---

[1] Defendant utilizes a five-factor test in support of its argument, taken from *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514 (6th Cir. 2006). Those factors are "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* at 522. However, that case dealt with leave to file an amended complaint in an untimely fashion, and has not been used to analyze the question of leave to disclose an additional expert. While these factors are certainly relevant to the ultimate inquiry of whether Plaintiff should be allowed to disclose an additional expert, the balancing test laid out in Part II of this opinion will be utilized instead.

Defendant also argues on the point of excusable neglect, and whether Plaintiff's failure to timely disclose an expert other than Dr. Langan was substantially justified, as required under Fed. R. Civ. P. 37(c)(1). In support of this contention, Defendant points to the fact that it conducted a simple Google search of Dr. Langan, which returned multiple links to websites describing Dr. Langan's suspension and other websites which, in Defendant's estimation, raise "red flags" concerning his fitness as an expert. [DN 75-13.] Plaintiff refers to this argument as a "red herring," arguing that Google customizes its search results to the individual's prior usage of the search engine, and what was easy for Defendant to find may have been much more difficult for Plaintiff to uncover. [*See* DN 78-2.] Irrespective of whether Google's customization feature was more responsive to Defendant or to Plaintiff, both parties agree that Plaintiff's failure to uncover Dr. Langan's license suspension was innocent and not meant to deceive Defendant.

This lack of deception by Plaintiff is of particular relevance to the question of whether the delay in naming an additional expert is substantially justified. For example, this Court has previously stated that where there was "no indication of dilatory delay tactics or bad faith on the part of Plaintiff," this favored granting leave to disclose an additional expert witness. *See Faulkner v. ABB Inc.*, No. 5:08-cv-212, 2012 WL 443757, at *7 (W.D. Ky. Feb. 10, 2012). Moreover, Plaintiff's present motion, coming on the heels of Defendant's motion to strike Dr. Langan, indicates the importance to Plaintiff's case of having an expert provide testimony regarding pivotal questions. This too favors Plaintiff. Indeed, in *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707-08 (5th Cir. 2007), the Fifth Circuit Court of Appeals explained that, where expert testimony is "essential" or "necessary" to a party's case, this favors inclusion. This, coupled with the fact that there is a substantial justification for allowing Plaintiff to disclose an additional expert in light of the issues concerning Dr. Langan and Plaintiff's and Defendant's questions

concerning his status leads this Court to conclude that Plaintiff will be permitted to disclose an additional expert. The Court notes that at the last conference call, Plaintiff offered to disclose its new expert. Defendant asked the Court to delay disclosure until the court has ruled on this motion. The Court is uncertain at this time as to whether Plaintiff also was prepared to disclose the expert report.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion for leave to disclose an additional expert, [DN 72], is **GRANTED**. Plaintiff shall have **fourteen (14) days** to disclose its additional expert and report to Defendant and to the Court. This matter is set for a **telephonic status conference on September 28, 2017 at 1:00 PM Eastern Standard Time** before Senior Judge Thomas B. Russell. Counsel must call 1-877-848-7030 then give Access Code 2523122 and #, then when prompted press # again to join the call.

**IT IS SO ORDERED.**


cc: Counsel of Record