UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:15-cv-00397-TBR

ESTATE OF DOROTHY FAYE LANHAM          PLAINTIFF

v.

SPRINGFIELD NURSING & REHABILITATION CENTER   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Springfield Nursing & Rehabilitation Center's ("Defendant") "Motion to Dismiss Resident's Rights Claims and Attendant Claims for Attorneys Fees." [DN 65.] The time has passed for Plaintiff to respond. This matter is ripe for adjudication. For the following reasons, Defendant's motion is **DENIED** at this time.

**I. BACKGROUND**

Defendant, a Kentucky limited liability company, is in the business of providing certain medical services and nursing home care. [DN 1-2, at 4.] Dorothy Lanham ("Ms. Lanham"), the decedent, became a patient of Defendant on November 19, 2013. [*Id.*] Plaintiff alleges that, due to Defendant's negligence and its failure to provide adequate care and supervision for Ms. Lanham, she suffered numerous falls, and later died on April 14, 2014. [*Id.*] Plaintiff's Complaint, [*id.*], appears to lay out standard negligence allegations alluding to Defendant's duty of care for Ms. Lanham, Defendant's breach thereof, causation, and the resultant damages that ensued in the form of Ms. Lanham losing her life. [*Id.* at 4-5.] In the instant Motion, Defendant moves to have dismissed any potential attempts by Plaintiff to utilize K.R.S. 216.515 in support of the claims against Defendant, or to obtain attorney fees. The Complaint does not reference

K.R.S. 216.515, and Plaintiff has filed no response to this Motion indicating an intent, or lack thereof, to rely upon this statutory provision.

## II. DISCUSSION

K.R.S. 216.515 "Rights of residents – Duties of facilities – Actions," lays out the statutory rights possessed by residents of long-term-care facilities in the State of Kentucky, the duties imposed upon those long-term-care facilities as it relates to its residents, and the actions available to residents should the statute be violated. The thrust of Defendant's argument is that, due to the recent Kentucky Supreme Court decision in *Overstreet v. Kindred Nursing Ctrs. Ltd. P'ship*, 479 S.W.3d 69 (Ky. 2015), this statute is not available for use by Plaintiff in a future trial. In *Overstreet*, the Kentucky Supreme Court held that, where "claims are based upon liabilities created by KRS 216.515, and are not simply restatements of the common law personal injury action, K.R.S. 411.140 does not provide for their survival beyond the death of the [long-term-care facility] resident." *Overstreet*, 479 S.W.3d at 77.

However, Plaintiff's Complaint does not reference K.R.S. 216.515, or otherwise indicate an intent to rely upon the statute in seeking damages from Defendant. [*See* DN 1-2.] Further, Plaintiff has filed no motions for leave to amend this Complaint to include this statutory provision. And while Defendant's instant Motion avers that "Plaintiffs have recently indicated that they plan on arguing violations of Ms. Lanham's residents' rights at the trial," Defendant relies primarily on references to potential future use by Plaintiff: "any potential attempt by Plaintiffs to assert these claims should be foreclosed by this Court as they have not been asserted." [DN 65, at 2.] Here, Defendant's Motion, by its very terms, explains that claims of a violation of K.R.S. 216.515 "have not been asserted," leading to the conclusion that this issue is not properly before the Court. Should Plaintiff actually attempt to amend the original Complaint

to allege violations of K.R.S. 216.515, or file another motion doing the same, the Court will entertain renewed motions from Defendant regarding its availability to Plaintiff for use at that time. The Court also declines to issue a speculative ruling regarding the other issue Defendant seeks to have dismissed: the issue of attorney fees. [DN 65, at 6.] Defendant argues that "Plaintiffs cannot receive an award of attorney's fees for their personal injury claims simply by alluding that those claims are being brought pursuant to KRS §216.515(6)." Because the Court has already noted that Plaintiff has not actually *pled* any claims under K.R.S. 216.515 to date, ruling on the issue of attorney fees at this juncture would be inappropriate. In the unlikely event that attorney fees become an issue, the Court can address that after a verdict.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss, [DN 65], is **DENIED** at this time. This matter is set for a **telephonic status conference on September 28, 2017** at **1:00 PM Eastern Standard Time** before Senior Judge Thomas B. Russell. Counsel must call 1-877-848-7030 then give Access Code 2523122 and #, then when prompted press # again to join the call.

**IT IS SO ORDERED.**

cc: Counsel of Record